IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HILLIARD MARTINEZ GONZALES LLP AND LAW OFFICE OF THOMAS J. HENRY, | § § § § § § § § § § § § § § | SA-23-CV-00642-FB |
| *Plaintiffs,* | | |
| vs. | | |
| ANDERSON & ASSOCIATES LAW FIRM PLLC, LAW OFFICES OF DIEGO LOPEZ, PLLC, | | |
| *Defendants.* | | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Hilliard Martinez Gonzales LLP and Thomas J. Henry Injury Attorney's Motion to Remand [#9]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#7]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiffs' motion be granted.

**I.  Background and Analysis**

This lawsuit was originally filed by Plaintiffs Hilliard Martinez Gonzales LLP and Thomas J. Henry Injury Attorneys against Defendants Anderson & Associates Law Firm PLLC and the Law Offices of Diego Lopez regarding a dispute over attorney's fees. Plaintiffs are seeking a declaratory judgment and asserting other claims to determine the payment of attorney fees arising from a personal injury lawsuit concerning the shooting incident at the Sutherland

1

Springs church that was filed in this Court. *See* 5:18-CV-555-XR. Judge Rodriguez issued a judgment on February 22, 2022, awarding damages to the minor plaintiff [#584]. The Government settled the judgment, and the Court approved the settlement, which allowed for the payment of attorneys' fees pursuant to the Federal Tort Claims Act. (Order Approving Settlement [#9-1].)

This suit was filed on April 20, 2022, to determine which law firm had the valid contract to receive the attorneys' fees because both parents signed contracts as next friend for each firm to represent the minor plaintiff in the suit. (Orig. Pet. [#9-2].) The Original Petition seeks a declaratory judgment and also raises other Texas claims. After the Petition was filed, the Law Offices of Diego Lopez filed a motion to transfer venue attempting to move the case from Nueces County to Bexar County, as well as a general denial and counterclaim. (Mtn. to Transfer [#9-4].) The state court denied the motion to transfer venue on April 19, 2023. (Denial of Mtn. to Transfer [#9-5].) One month later, on May 19, 2023, the Law Offices of Diego Lopez filed its Notice of Removal to this Court.[1]

Plaintiffs filed a motion to remand on June 5, 2023, arguing that Defendant's removal was untimely and that there is no federal subject matter jurisdiction. Any response in opposition to the motion was due on or before June 19, 2023. *See* W.D. Tex. Loc. R. CV-7(D)(2) (responses to all motions other than case management and discovery motions due within 14 days of filing). If there is no response filed within the time period prescribed by the rules, this Court may grant the motion as unopposed. *See id.*

The Court should grant Plaintiffs' motion. A party has the right to remove a case to federal court when federal jurisdiction exists, and the removing party complies with the

---

[1] The Court notes that the removing Defendant incorrectly identifies itself and the Anderson & Associates Law Firm as Plaintiffs, when they are in fact the Defendants in this case.

procedural requirements for removal.  28 U.S.C. § 1441.  The removing party bears the burden of establishing that a state court suit is properly removable to federal court.  *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995), *abrogated on other grounds by Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998). The federal removal statute should be strictly construed, as it deprives a state court of a case properly before it, thereby implicating important federalism concerns.  *Id.*  Any doubts regarding the propriety of removal are resolved in favor of remand to state courts.  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

Defendant's Notice of Removal states that removal is based on federal question jurisdiction.  *See* 28 U.S.C. § 1331.  Defendant asserts that, "[a]lthough this case was not removable when originally filed, it became removable on April 19, 2023 when a Federal question of law arose when an Order Denying Defendant's Motion to Transfer Venue was entered into this matter."  (Notice of Removal [#1], at 1.)  Defendant has not established there is federal question jurisdiction over Plaintiffs' Petition.  Again, Plaintiff's Petition seeks a declaratory judgment regarding competing contracts for attorney's fees and asserts other state-law causes of action.  There are no federal claims at issue.  Disputes regarding contracts are generally governed by state law.  It is unclear on what basis Defendant believes the state court's order denying a motion to transfer venue would give rise to a federal question in this case.

Defendant cites several cases in support of its assertion that the denial of the transfer motion created a federal question, but none of these cases address that issue.  Instead, these cases concern instances when the "removal clock" started to run at some point after the case was filed due to subsequent acts by the plaintiff, such as the filing of an amended pleading increasing the amount in controversy, making the case removable.  *See, e.g.*, *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 974 (8th Cir. 2011).  Here, the motion to transfer venue did not alter the claims

asserted in this lawsuit (*e.g*., by adding a federal cause of action) or increase the amount in controversy or otherwise make this case removable.  Moreover, Defendant has not filed any response in opposition to Plaintiffs' motion to remand to clarify its position that this case involves a federal question.

It does not appear there is diversity jurisdiction either, as both Plaintiffs and Defendants are law firms based in Texas.  *See* 28 U.S.C. § 1332.  But even if there were diversity jurisdiction, the removal would be time-barred, as the removal statute imposes a one-year time limit for removal of cases based on diversity jurisdiction.  *See* 28 USC 1446(c)(1).  Plaintiffs filed this lawsuit on April 20, 2022, and Defendants were served with a copy of the pleading on September 12, 2022.  (Return of Service [#9-3].)  Defendant did not file its Notice of Removal until May 19, 2023, over eight months later.  Any removal based on diversity jurisdiction is untimely.

In summary, the removing Defendant has not established that there is removal jurisdiction over this case or that it complied with the procedural requirements for removal established by federal law.  Accordingly, Plaintiffs' motion to remand should be granted.

## II.  Conclusion and Recommendation

Having considered Plaintiffs' motion, the lack of response from Defendants, the record, and the governing law, the undersigned recommends that Hilliard Martinez Gonzales LLP and Thomas J. Henry Injury Attorney's Motion to Remand [#9] be **GRANTED** and this case remanded to state court.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    **IT IS SO ORDERED.**

    SIGNED this 17th day of July, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE